UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                           Plaintiff,

        v.

RICARDO BAILEY,

                           Defendant.

_____

<u>REPORT & RECOMMENDATION</u>

15-CR-6082G

## <u>PRELIMINARY STATEMENT</u>

By Order of Hon. Frank P. Geraci, Jr., Chief United States District Judge, dated June 5, 2015, all pretrial matters in the above-captioned case have been referred to this Court pursuant to 28 U.S.C. §§ 636(b)(1)(A)-(B).  (Docket # 98).

On June 4, 2015, the grand jury returned an indictment against defendant Ricardo Bailey ("Bailey").  (Docket # 97).  Count One of the indictment charges Bailey with conspiring with Edward Mighty, Seymour Brown, Andre Taylor, Robert Wilson, Kenneth Harper, Christopher Samuels, and others between October 2014 and February 10, 2015, to possess with the intent to distribute and to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. § 846.  (*Id.*).  The second count of the indictment charges Bailey with using and maintaining the premises at 54 Strong Street, Rochester, New York, for the purpose of manufacturing and distributing cocaine, in violation of 21 U.S.C. § 856(a)(1) and 18 U.S.C. § 2.  (*Id.*).  Count Three charges Bailey with possessing a firearm in furtherance of the drug trafficking crimes charged in Counts One and Two, in violation of 18 U.S.C. §§ 924(c)(1)(A)(i) and 2.  (*Id.*).  Count Four

charges Bailey with possessing with intent to distribute 500 grams or more of cocaine on or about February 10, 2015.  (*Id.*).

On October 15, 2016, this Court issued a decision recommending that the district court deny Bailey's motion to suppress wiretap evidence.  (Docket # 164).  Familiarity with that Report and Recommendation is assumed.  Pending before the Court is Bailey's motion to dismiss the indictment on the grounds that his speedy trial rights have been violated.  (Docket # 151).  Bailey's remaining motions will be addressed in a subsequent decision.


## PROCEDURAL BACKGROUND

### I.   Bailey's Initial Appearance, Detention Hearing, Arraignment on Indictment, Request to Proceed *Pro Se*, and Pre-Motion Proceedings

On February 17, 2015, Bailey made his initial appearance in this case.  (Docket # 15).  He and seven other defendants were charged with narcotics conspiracy and other narcotics offenses in a thirty-three page complaint.  (Docket # 1).  As this Court's prior Report and Recommendation noted, the charges against Bailey and his co-defendants represented the culmination of a lengthy investigation that included wiretap interceptions pursuant to wiretap authorization and extension orders numbering approximately thirty-two (on twenty-one different target numbers), as well as pole camera surveillance, GPS monitoring, and the execution of search warrants.  (*See* Docket # 164).  At the initial appearance, Bailey requested and was appointed counsel, and the government moved to detain him pending trial.  The detention hearing was scheduled for the following week and, at defense counsel's request, was adjourned several times to permit the defense to review voluminous voluntary discovery provided by the government and to explore plea negotiations.  (Docket ## 22, 42, 43, 65, 66).

2

Following the defense-requested adjournments noted above, on May 21, 2015, Bailey requested a preliminary hearing, which was scheduled for June 4, 2015.  (Docket # 96).  On the date set for the hearing, the grand jury returned the pending indictment, and Bailey was arraigned on the charges.  (Docket ## 97, 99).  A motion scheduling order was issued by this Court that set a deadline of August 7, 2015, for defendant to file any pretrial motions.  (Docket ## 99, 100).  Defense counsel requested and was granted two extensions of that deadline, and the deadline was extended until October 15, 2015.  (Docket ## 102-105).  Before the motion filing deadline, defense counsel wrote this Court to request a conference to address issues that had arisen in his relationship with his client.  A conference was held on October 16, 2015, to address those issues, at which Bailey informed the Court of his desire to terminate his relationship with his attorney and proceed *pro se*.  (Docket # 106).  Following proceedings to determine that his decision was knowing and voluntary, on October 23, 2015, this Court relieved counsel and granted Bailey's request to represent himself.  (Docket # 107).  At Bailey's request, he was given an extension of his motion filing deadline until November 6, 2015.  (Docket # 108).

## II.   **Bailey's Motions**

During the course of the next nine months, Bailey filed six separate sets of motions.  (Docket ## 111, 112, 119, 140, 151, 156).  Those filings incorporated at least thirty-three individual motions, as to some of which the Court scheduled hearings, and encompassed nearly 300 pages of affidavits and memoranda submitted by the defendant.  (*Id.*).  The government responded to each set of motions (Docket ## 115, 126, 143, 153, 159), and this Court scheduled and heard oral argument on them (Docket ## 117, 130, 146, 152, 160).  A suppression hearing was held on May 3, 2016, and both parties filed post-hearings submissions

3

relating to that motion.  (Docket ## 137, 142, 145, 148).  The Court determined many motions

from the bench at oral argument and reserved on dispositive motions and a handful of

non-dispositive motions.  (*Id.*).  The final oral argument was held on September 12, 2016.

(Docket ## 160, 161).  On October 17, 2016, this Court issued its report and recommendation on

Bailey's multiple motions seeking suppression of wiretap evidence.  (Docket # 164).

> **A.**   **November 6, 2015, November 10, 2015, and February 1, 2016, Motions**

Pursuant to this Court's scheduling order dated October 27, 2015, Bailey filed his

first set of motions on November 6, 2015.  (Docket ## 108, 111).  Several days later, on

November 10, 2015, he filed a supplemental motion.  (Docket # 112).  On November 19, 2015,

the government requested a three-week adjournment until December 11, 2015, to respond,

explaining that it needed more time to respond to Bailey's extensive motions, noting that the two

motions together comprised 140 pages.  (Docket # 113).  The Court granted the government's

request and adjourned oral argument until December 16, 2015.  (*Id.*).  On December 11, 2015,

the government asked for another five days to file its response, which the Court granted.

(Docket # 114).  The Court held a status conference in place of the originally-scheduled oral

argument on December 16, 2015, and at that time adjourned oral argument until January 6, 2016.

(Docket # 116).  Oral argument was held on January 6, 2016, as scheduled.  (Docket # 117).

At oral argument, the Court denied in part and granted in part Bailey's discovery

motion and ordered Bailey and the prosecutor to confer relating to several issues raised by

Bailey's motions.  (*Id.*).  The Court also afforded Bailey the opportunity to submit supplemental

affidavits addressing standing and other issues concerning his motions to suppress wiretap

evidence and statements; the Court set a deadline of January 22, 2016, for such supplemental

submissions.  (*Id.*).  On January 22, 2016, Bailey requested an extension of that deadline, citing

difficulties with computer access in the facility in which he was housed; he also requested that

the Court issue a decision on the government's pending detention motion, which Bailey had

previously asked to defer.  (Docket # 118).  In response, the Court set a conference for February

1, 2016, to render a decision on the detention motion.  On that date, the Court issued its decision

granting the government's motion to detain, granted Bailey's motion for an extension, and

accepted for filing from Bailey a sixty-six page, single-spaced submission entitled

"Supplemental Motion," which included multiple new motions, as well as affidavits purporting

to address standing issues.  (Docket ## 119, 120).

       The Court ordered the government to respond by February 16, 2016, and set oral

argument for February 29, 2016.  (Docket # 120).  By letters dated February 16, 2016, and

March 8, 2016, the government requested an extension of five weeks until March 23, 2016, to

respond to Bailey's supplemental set of motions, principally citing the voluminous nature of and

the myriad issues raised by Bailey's filing.  (Docket ## 122, 124).  The Court granted those

requests (Docket ## 122, 124), and the government responded by the ordered date, March 23,

2016 (Docket # 126).  The next day the Court scheduled oral argument for April 6, 2016.  Two

days before oral argument, and in response to the government's opposition, Bailey submitted an

eight-page affidavit addressing standing contentions raised by the government's opposition and a

seven-page reply memorandum.  (Docket ## 127, 128).  The Court adjourned oral argument for

one day.

       Oral argument was held on April 7, 2016, and addressed various issues raised in

the three sets of motions then pending before the Court.  (Docket # 130).  At oral argument, the

Court granted Bailey's motion for preservation of rough notes; granted in part and denied in part

his motions for discovery and leave to file additional motions; denied as moot his motion to

suppress identification testimony; denied his motion for a bill of particulars; denied without prejudice his motions for an audibility hearing, *Brady* material, rulings pursuant to Fed. R. Evid. 404(b), 608, 609, and 801(d)(2)(E), *Jencks* material, and expert notice; and, reserved on his motions for a *Franks* hearing, dismissal of the indictment, disclosure of grand jury minutes, and suppression of tangible evidence, statements, wiretapped communications, and electronic surveillance evidence.  (Docket # 131).  The Court directed the parties to confer regarding some outstanding discovery issues and to provide further submissions to the Court by April 20, 2016, regarding various suppression issues.  (*Id.*).  The Court also scheduled an evidentiary hearing on Bailey's motion to suppress statements for May 3, 2016.  (*Id.*).  The parties complied with the deadlines for the Court-ordered supplemental submissions.  (Docket ## 132-134).

### B.   Suppression Hearing

On May 3, 2016, this Court conducted a hearing on Bailey's motion to suppress statements.  (Docket ## 137, 141).  Both parties indicated their desire to file post-hearing submissions once the transcript was filed.  This Court afforded Bailey two weeks after the transcript filing and the government two weeks thereafter to file their submissions.  (Docket # 137).  The transcript of the hearing was filed on June 6, 2016.  (Docket # 141).  In accordance with the Court's directives, Bailey filed his post-hearing submission on June 20, 2016, and the government filed its submission on July 1, 2016.  (Docket ## 142, 145, 148).

### C.   June 1, 2016, Motion

By letter dated May 9, 2016, Bailey advised the Court of his desire to file additional motions.  (Docket # 167).  This Court held a conference on May 20, 2016, to address his request, and granted him until June 3, 2016, to do so.  The Court explicitly excluded time

between May 20, 2016, and June 3, 2016, in the interests of justice under 18 U.S.C.

§ 3161(h)(7).  (Docket ## 138, 139).

   Bailey filed his fourth set of motions on June 1, 2016.  (Docket # 140).  In

accordance with this Court's scheduling order, the government filed its opposition on June 16,

2016, and oral argument was held on June 28, 2016.  (Docket ## 139, 143, 146).

   At oral argument, the Court reserved decision on Bailey's motions for discovery,

disclosure of grand jury minutes, dismissal of the indictment, a *Franks* hearing, and suppression

of tangible evidence and electronic surveillance evidence.  (Docket ## 146, 147).  The Court

scheduled an evidentiary hearing for August 8, 2016, relating to Bailey's motion arising from the

government's apparent failure to preserve GPS tracker evidence.  (Docket # 146).  The Court

thereafter adjourned the hearing without date upon receipt of a letter from the prosecutor dated

July 19, 2016, advising that the evidence had not been lost or destroyed and representing that it

would be provided to Bailey.  (Docket # 150).  The Court converted the scheduled hearing into a

status conference.  (*Id.*).

  **D.**  **August 8, 2016, Status Conference and Supplemental Motion**

   At the August 8, 2016, status conference, the Court addressed Bailey's motion

concerning the GPS tracker evidence, explained its decision to adjourn the hearing without date,

and advised Bailey that he was free to file any other motions he believed were justified relating

to the GPS evidence.  (Docket # 152).  Bailey advised the Court that he had prepared a motion

seeking dismissal of the charges on speedy trial grounds.  (*Id.*).  The Court accepted the motion

for filing and gave the government two weeks to respond.  (Docket ## 151, 152).  The

government opposed the motion on August 22, 2016; no oral argument was scheduled.  (Docket

# 153).  Bailey submitted a written reply on September 1, 2016.  (Docket # 158).

E.     **August 24, 2016, Motion**

Bailey filed his sixth (and the last of the pending motions) on August 24, 2016. (Docket # 156).  In addition to seeking a hearing relating to the authenticity of the GPS tracker evidence, the August 24 omnibus motion seeks other relief unrelated to that issue, including a *Franks* hearing and the services of an expert witness.  (*Id.*).  In accordance with this Court's motion scheduling order, the government filed its opposition on September 7, 2016, and oral argument was conducted on September 12, 2016.  (Docket ## 159, 160).

At the September 12, 2016, motion argument, the Court granted Bailey's motion for discovery and inspection, denied as moot his request for expert services, and reserved on his motions for a *Franks* hearing, a hearing relating to the authenticity of GPS evidence, and suppression of tangible evidence.  (Docket ## 160, 161).

## DISCUSSION

I.     **Speedy Trial Act Claim**

Bailey moves to dismiss the indictment on the grounds that the Speedy Trial Act has been violated.  (Docket ## 151, 158).  Specifically, he claims that time was not excluded during the periods between (a) August 7 through 17, 2015, and (b) November 20, 2015, through May 20, 2016, resulting in more than seventy days elapsing since the indictment was returned.[1] (Docket # 151 at 4).  Citing *Bloate v. United States*, 559 U.S. 196 (2010), and *United States v. Oberoi*, 379 F. App'x 87 (2d Cir. 2010), Bailey claims that time was not properly excluded

---

[1]  Bailey's reply appears to suggest for the first time that he may be challenging the period of time between indictment and the filing of his first motion.  (Docket # 158 at 2).  Other than the August 7-17, 2015, period discussed *infra*, the pre-motion timeframe consists of five periods of excludable time.  *See Bloate v. United States*, 559 U.S. 196, 214-15 (2010).  Specifically, the Court made four separate contemporaneous interests of justice exclusions to permit the defense adequate time to review the voluminous discovery and prepare appropriate motions relating to the charges, and one interests of justice exclusion to permit Bailey to meet with appointed counsel to discuss his decision whether to proceed *pro se*.  (Docket ## 99, 100, 103, 105, 106, 107, 108).

during these periods because the Court failed to make contemporaneous interests of justice exclusions under 18 U.S.C. § 3161(h)(7).  (*Id.* at 4-6).

A.   **August 7-17, 2015**

Bailey is correct, and the government does not argue otherwise, that the period of time between August 7 and August 17, 2015, is non-excludable under the Speedy Trial Act. Bailey was indicted and arraigned on the indictment on June 4, 2015.  (Docket ## 97, 99).  At the arraignment, Bailey's counsel asked for sixty days to review the discovery relating to the charges and prepare appropriate pretrial motions.  (Docket ## 99, 100).  The Court set a motion schedule, which afforded the defense until August 7, 2015, to file pretrial motions.  (*Id.*).  At the joint request of the parties, the Court made specific findings that the interests of justice would be served by an exclusion of time from the date of the arraignment to the motion filing deadline of August 7, 2015, under 18 U.S.C. § 3161(h)(7) of the Speedy Trial Act.  (*Id.*).  The recording of the arraignment reflects that the Court specifically noted that the charges were extensive and the evidence was voluminous.  (Docket # 99).

No motions were filed by Bailey by the August 7, 2015, deadline, nor did his counsel request an extension at that time.  Rather, five days later, defense counsel sent a letter requesting an extension until September 25, 2015, to file motions.  (Docket # 102).  By Order dated August 17, 2015, this Court granted the requested extension and specifically excluded time in the interests of justice under section 3161(h)(7) between that date and the filing deadline in order to permit the defense adequate time "to review discovery, frame, prepare and file appropriate motions" and to obtain the continued assistance of counsel.  (Docket # 103).

On this record, Bailey is correct that no exclusion covers the period August 8 (the day following the last excludable period) and August 16 (the day before the next excludable

period).  Hence, nine days elapsed from the seventy-day Speedy Trial Act calendar during this timeframe.

> ### B.      November 20, 2015, through May 20, 2016

By contrast to the August 2015 period discussed above, the period between November 20, 2015, through May 20, 2016, is excludable under the Speedy Trial Act and does not count towards the seventy-day period within which the trial must commence following indictment.  *See* 18 U.S.C. § 3161(c)(1).  The Speedy Trial Act explicitly provides that once a defendant files a pretrial motion, time is excludable under section 3161(h)(1)(D):

> from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion.

18 U.S.C. § 3161(h)(1)(D).

The law is crystal clear that the exclusion under this provision is *automatic* and, by contrast to the section 3161(h)(7) interests of justice exclusion at issue in *Bloate*, does not require any specific findings by the court.  *United States v. Tinklenberg*, 563 U.S. 647, 656-60 (2011) (rejecting contention that section 3161(h)(1)(D) requires specific findings that pretrial motion caused or was expected to cause delay of trial; relying upon *Henderson v. United States*, 476 U.S. 321 (1986)); *Henderson v. United States*, 476 U.S. at 327, 332 (exclusion provision for pretrial motions[2] is "automatic").  Moreover, the Supreme Court has affirmed that section 3161(h)(1)(D) is not limited to "only reasonable delays."  *United States v. Tinklenberg*, 563 U.S. at 659.  As the Court made clear in *Henderson*, time is automatically excluded from the Speedy Trial Act's seventy-day limitation "between the filing of a motion and the conclusion of the hearing on that motion, whether or not a delay in holding that hearing is reasonably necessary." *Henderson*, 476 U.S. at 330 (internal quotation omitted).  Likewise, the Court affirmed that time

---

[2]  At the time of *Henderson*, the applicable exclusion provision was found in section 3161(h)(1)(F), which was subsequently renumbered 3161(h)(1)(D).  The language in each is identical.

is automatically excluded under the same provision during the period of time during which the

court is awaiting "posthearing briefs or additional factual materials."  *Id.* at 331.

Applying section 3161(h)(1)(D) to the record in this case, and construing it in

accordance with the settled precedent discussed above, no question exists that time was

automatically excluded between the date Bailey filed his first motion (November 6, 2015) and

thirty days after the September 12, 2016, oral argument on the final set of motions he filed

(October 12, 2016).  In sum, the record described in detail above shows the following:

(1)   at the January 6, 2016, oral argument on his November 6 and November 10, 2015, motions, Bailey sought permission to submit supplemental standing affidavits and, by letter filed January 22, 2016, sought a further extension to do so;

(2)   prior to submitting the supplemental affidavits, Bailey submitted a third set of motions on February 1, 2016, as to which this Court set a motion scheduling order;

(3)   considering the voluminous nature and substantial number of motions raised by Bailey, the government sought and was granted two extensions until March 23, 2016, to respond, and this Court set oral argument for April 7, 2016;

(4)   oral argument was held on April 7, 2016, on Bailey's third set of motions and on various issues relating to his first and second sets, and the Court directed the parties to file post-argument submissions on several issues and scheduled an evidentiary hearing on Bailey's motion to suppress statements for May 3, 2016;

(5)   the Court conducted the evidentiary hearing as scheduled on May 3, 2016, and, at the parties' request, set deadlines for post-hearing submissions;

(6)   before the post-hearing submissions were filed, Bailey filed a fourth set of motions on June 1, 2016, and the Court issued a motion scheduling order setting oral argument for June 28, 2016;

(7)   oral argument was held on June 28, 2016, at which time the Court scheduled an evidentiary hearing for August 8, 2016, on Bailey's motion relating to the GPS tracker evidence;

(8)   on July 26, 2016, this Court adjourned the hearing without date and converted the hearing date into a status conference to address the pending motion;

(9)   at the August 8, 2016, status conference, Bailey submitted the pending speedy trial motion, and the Court set a deadline of August 22, 2016, for the government to respond;

(10)  two days later, on August 24, 2016, Bailey filed his last set of pending motions, and this Court set a scheduling order with a deadline for the government to respond and a date of September 12, 2016, for oral argument;

(11)  oral argument was conducted on September 12, 2016, and this Court issued a Report and Recommendation on October 17, 2016.

Based upon this timeline, the vast majority of the time between the date Bailey filed his first motion and the September 12, 2016, oral argument on his final motion is excludable under 18 U.S.C. § 3161(h)(1)(D).  *See Henderson*, 476 U.S. at 331 ("the [Speedy Trial] Act [is] designed to exclude all time that is consumed in placing the trial court in a position to dispose of a motion").  The only periods of time within this timeframe that are not automatically excludable under 18 U.S.C. § 3161(h)(1)(D) are: (a) the period between August 22 and August 24; and (b) the period after September 12, 2016.[3]  As to the period between August 22 and 24, the time is excludable under 18 U.S.C. § 3161(h)(1)(H), which provides for an exclusion for:

> delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court.

18 U.S.C. § 3161(h)(1)(H).  Once the government's opposition was filed on August 22, 2016, all of Bailey's then-pending motions were fully briefed and argued and thus under advisement; at that point, pursuant to section 3161(h)(1)(H), the Court had thirty days until September 21, 2016,

---

[3]  The period of time between May 20, 2016, and June 3, 2016, is also excludable under 18 U.S.C. § 3161(h)(7) because the Court made a finding that the interests of justice would be served by excluding time to permit Bailey to file the supplemental motions for which he sought leave.  (*See* Docket ## 138, 139).

to render a decision.  *See Henderson*, 476 U.S. at 329 ("3161(h)(1)[(H)] permits an exclusion of

30 days from the time a motion is actually 'under advisement' by the court"); *United States v.*

*Piteo*, 726 F.2d 50, 52 (2d Cir. 1983), *cert. denied*, 466 U.S. 905 (1984) ("18 U.S.C.

§ 3161(h)(1)[(H)] . . . excludes a period no longer than thirty days during which the court may

take a motion under advisement").  Before the September 21 deadline, however, Bailey filed

another set of motions on August 24, 2016.  That final motion was fully briefed and argued as of

September 12, 2016; thus, time was automatically excluded under section 3161(h)(1)(H) for

thirty days thereafter until October 12, 2016.  Because the Court issued its Report and

Recommendation on October 17, 2016, four days lapsed without exclusion following October

12, 2016, and count towards the seventy-day limitation.

        In sum, this Court finds that the Speedy Trial Act has not been violated.

Although this case has been pending for almost seventeen months since the indictment was

returned, the delay has resulted largely from the defendant's need for extensive time to review

discovery in a case that involves many co-conspirators (originally named as co-defendants in the

complaint) and extensive wiretap and electronic surveillance discovery and to prepare

appropriate pretrial motions following that review.  The fact that the defendant, who is detained,

represents himself has made the process of reviewing discovery more difficult and

time-consuming.  As the record reveals, between November 2015 and September 2016, Bailey

filed six different set of motions, which encompassed a substantial number of individual motions

and were supported by voluminous affidavits and memoranda.  Motion practice included one

evidentiary hearing and one that was scheduled but adjourned without date.  Considering the

sheer volume of motions, as well as the factual and legal complexity of the issues implicated by

those motions, the extensions requested by the government were reasonable; so too were the few

minor adjournments of previously-scheduled oral argument dates.  *See United States v. Ajemian*, 878 F. Supp. 2d 432, 436 (S.D.N.Y. 2012) ("[c]ourts have broad discretion in determining trial and motion schedules").  On this record, Bailey's rights under the Speedy Trial Act have not been infringed, and I recommend denial of his motion to dismiss the indictment on speedy trial grounds.


## II.      Constitutional Speedy Trial Claim

Although Bailey's submissions focus on his statutory rights to a speedy trial, his submission includes a reference to his "constitutional right to a speedy trial," and he contends that he has been prejudiced by the delay in this case.  (Docket # 151 at 3, 6).  Further, during oral argument on August 8, 2016, Bailey indicated that he intended to assert violations of both his statutory and constitutional rights to a speedy trial.

The Sixth Amendment guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy . . . trial."  U.S. CONST. amend. VI.  When determining whether there has been a constitutional speedy trial violation, courts should consider four factors: the length of the delay, the reason for the delay, the defendant's assertion of his right, and the prejudice, if any, the defendant suffered as a result of the delay.  *Doggett v. United States*, 505 U.S. 647, 651 (1992) (citing *Barker v. Wingo*, 407 U.S. 514, 530 (1972)).

Approximately nineteen months passed between Bailey's arrest and the time he filed his speedy trial motion.  Although such a delay could be presumptively prejudicial, *see United States v. Cain*, 671 F.3d 271, 296 (2d Cir. 2012) ("depending on the nature of the charges, the lower courts have generally found postaccusation delay presumptively prejudicial at least as it approaches one year") (internal quotation omitted), *cert. denied*, 134 S. Ct. 733 (2013);

14

*United States v. Vassell*, 970 F.2d 1162, 1164 (2d Cir. 1992) ("[o]ne commentator discerns a general consensus that a delay of over eight months meets this standard [of presumptive prejudice], while a delay of less than five months does not"), *cert. denied*, 506 U.S. 1009 (1992), both the Supreme Court and the Second Circuit have found no constitutional speedy trial violations in cases in which the period between arrest and trial was much longer.  *See Barker v. Wingo*, 407 U.S. at 533-34 (five years); *United States v. Vasquez*, 918 F.2d 329, 338 (2d Cir. 1990) (twenty-six months).  Indeed, the Second Circuit has noted that a delay of less than twenty-two months was "considerably shorter than that of other cases in which no Sixth Amendment violation has been found."  *United States v. Cain*, 671 F.3d at 296 (internal quotation omitted).

Considering the remaining factors, I find that Bailey's constitutional right to a speedy trial has not been violated in this case.  As described in more detail *supra*, the majority of the delay in this case is attributable to Bailey's need to review voluminous discovery, to do so in a *pro se* capacity while incarcerated, and to research and file appropriate pretrial motions.  *See United States v. Williams*, 453 F. App'x 74, 77 (2d Cir. 2011) ("there were a number of valid reasons for the delay, including, *inter alia*, voluminous pretrial motions [and] two multi-day suppression hearings"); *United States v. Howard*, 443 F. App'x 596, 599 (2d Cir. 2011) ("[w]ith regard to the reasons for the delay, the second *Barker* factor, a significant portion of the delay in [defendant's] trial was attributable to his own pretrial motions"), *cert. denied*, 132 S. Ct. 1612 (2012); *United States v. Vassell*, 970 F.2d at 1164 ("[a]ll the defendants . . . made numerous pre-trial motions"); *United States v. Lockwood*, 2012 WL 6204194, *4 (W.D.N.Y. 2012) (second *Barker* factor did not weigh in favor of defendant where there was no showing of bad faith delay by the government; "the delay is a result of a combination of the filing and disposition of

pre-trial motions and the unavailability of all defense counsel prior to [the scheduled trial date]");

*United States v. Stevens*, 2009 WL 2381897, *8, 10 (W.D.N.Y. 2009) (second *Barker* factor did

not weigh in favor of defendant where much of the delay could be attributed to the complexity of

the case and the pretrial motions of the defendants)  Further, although Bailey has now asserted

his right to a speedy trial, he did so only relatively recently and after a substantial period of time

relating to motion practice had passed, and, in any event, other than his incarceration and

conclusory assertions of faded memories, Bailey has not made any concrete showing of prejudice

to his ability to defend against the charges.  *See United States v. Williams*, 453 F. App'x at 77-78

("the sort of prejudice contemplated by *Barker's* fourth factor … is concerned with impediments

to the ability of the defense to make its own case . . . , and, here, there is simply no indication

that the delay hampered [defendant's] ability to mount a defense") (quoting *United States v.*

*Abad*, 514 F.3d 271, 275 (2d Cir.), *cert. denied*, 555 U.S. 827 (2008)); *United States v. Howard*,

443 F. App'x at 599 ("[t]he fourth and final *Barker* factor, whether the defendant suffered

prejudice as a result of the delay in his trial, similarly does not weigh in [defendant's] favor

because other than incarceration, [defendant] has neither alleged, nor established that he was

prejudiced by the delay"); *United States v. Lockwood*, 2012 WL 6204194 at *5 ("[d]efendant has

asserted no concrete examples of prejudice . . . [, and] the fact that [d]efendant will have been

incarcerated for approximately two years at the start of the trial is not unduly oppressive or

prejudicial"); *United States v. Stevens*, 2009 WL 2381897 at *8 (defendant's conclusory

allegations of prejudice arising from incarceration, anxiety, and potential loss of memory,

witnesses or evidence insufficient to establish prejudice; "the length of the delay alone will not

support a Sixth Amendment speedy trial claim[,] . . . [and] given the absence of particularized

prejudice, this Court finds that this factor weighs against [defendant]").

## <u>CONCLUSION</u>

For the reasons stated above, I recommend that the district court deny Bailey's motion to dismiss the indictment on the grounds that his speedy trial rights have been violated. (Docket # 151).


*s/Marian W. Payson*
MARIAN W. PAYSON
United States Magistrate Judge

Dated: Rochester, New York
          November 1, 2016

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby

**ORDERED**, that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report and Recommendation in accordance with the above statute and Rule 59(b) of the Local Rules of Criminal Procedure for the Western District of New York.[4]

The district court will ordinarily refuse to consider on *de novo* review arguments, case law and/or evidentiary material which could have been, but was not, presented to the magistrate judge in the first instance. *See, e.g., Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985 (1st Cir. 1988).

**Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.** *Thomas v. Arn*, 474 U.S. 140 (1985); *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15 (2d Cir. 1989); *Wesolek v. Canadair Ltd.,* 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 59(b) of the Local Rules of Criminal Procedure for the Western District of New York, "[w]ritten objections . . . shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 59(b) may result in the District Court's refusal to consider the objection.**

Let the Clerk send a copy of this Order and a copy of the Report and Recommendation to the attorneys for the parties.

**IT IS SO ORDERED.**

                                    *s/Marian W. Payson*
                                    MARIAN W. PAYSON
                                    United States Magistrate Judge

Dated: Rochester, New York
        November 1, 2016

---

[4] Counsel is advised that a new period of excludable time pursuant to 18 U.S.C. § 3161(h)(1)(D) commences with the filing of this Report and Recommendation. Such period of excludable delay lasts only until objections to this Report and Recommendation are filed or until the fourteen days allowed for filing objections has elapsed. *United States v. Andress*, 943 F.2d 622 (6th Cir. 1991); *United States v. Long*, 900 F.2d 1270 (8th Cir. 1990).